ERIC SEIFERT,

       Plaintiff,

v.

SF&P ADVISROS, INC., and
JOHN DOES 1 to 6.

       Defendants.
_____/

SF&P ADVISORS, INC.,

       Counter-Plaintiff

v.

ERIC SEIFERT, and
GOOD HOPE HOLDINGS, LLC,

Counter-Defendants.
_____/

FILED BY KJZ D.C.

Jul 12, 2021

ANGELA E. NOBLE
CLERK U.S. DIST. CT.
S. D. OF FLA. - West Palm Beach

## OMNIBUS ORDER ON DEFENDANT/COUNTER-PLAINTIFF SF&P ADVISORS, INC.'S FIVE MOTIONS IN LIMINE [DE 107; DE 108; DE 109; DE 110; DE 111]

THIS CAUSE is before the Court upon Defendant/Counter-Plaintiff SF&P Advisors, Inc. ("Defendant" or "SF&P" ) five (5) Motions in Limine: (1) Motion in Limine to Preclude Eric Seifert ("Seifert" or "Plaintiff") and/or Good Hope Holdings, LLC ("Good Hope") from Making Reference to or Introducing Evidence of Certain Financial Matters [DE 107];[1] (2) Motion in

---

[1] Throughout Defendant SF&P's five motions and Plaintiff Seifert and Counter-Defendant Good Hope's responses, many of the quoted material refers to "Plaintiff" or "Plaintiffs" without distinguishing between Plaintiff Seifert and Counter-Defendant Good Hope. However, it is clear that the motions are directed at both Seifert and Good Hope, and both Seifert and Good Hope jointly responded to the motions.

Limine to Preclude Seifert and Good Hope from Making Reference to or Introducing Evidence of Defendant's Written Agreements with Other Independent Contractors [DE 108]; (3) Motion in Limine to Preclude Seifert and Good Hope from Introducing as Evidence at Trial or Otherwise Publishing to the jury Confidential Settlement Communications [DE 109]; (4) Motion in Limine to Preclude Seifert and Good Hope from Introducing the Existence of any Previously Undisclosed Agreements [DE 110]; and (5) Motion in Limine to Preclude Seifert and Good Hope from Introducing Evidence of Post-Termination Commission Payments Owed on any Transactions That Have Not Been Disclosed via the Amended Complaint by Interlineation [DE 111]. All five motions have been responded to by Seifert and Good Hope [DE 115; DE 116; DE 117; DE 118; DE 119] and SF&P filed two replies [DE 120; DE 121]. These motions are ripe for review. The Court has carefully reviewed the parties' filings, the entire docket in this case, and the applicable case law.

A court has the power to exclude evidence in limine only when evidence is clearly inadmissible on all potential grounds. *Luce v. U.S.*, 469 U.S. 38, 41(1984). Motions in limine are generally disfavored as admissibility questions should be ruled upon as they arise at trial. *Begualg Inv. Mgmt., Inc. v. Four Seasons Hotel Ltd.*, 10-22153-CIV, 2013 WL 750309, at *1 (S.D. Fla. Feb. 27, 2013). As a result, if evidence is not clearly inadmissible, "evidentiary rulings must be deferred until trial to allow questions regarding foundation, relevancy, and prejudice." *Lordeus v. Torres*, 1:17-CV-20726-UU, 2018 WL 1364641, at *1 (S.D. Fla. Mar. 1, 2018) (quoting *Kobie v. Fifthian,* 2014 WL 1652421 at *1 (M.D. Fla. 2014)). Each motion will be addressed in turn.

1. **Defendant SF&P's Motion in Limine to Preclude Eric Seifert and/or Good Hope from Making Reference to or Introducing Evidence of Certain Financial Matters [DE 107]**

Defendant SF&P argues that Seifert and Good Hope must be precluded from discussing Defendant's "revenues beyond those transactions specifically identified in Seifert Amended Complaint by Interlineation." [DE 107 ¶ 1]. Defendant argues that Seifert and Good Hope must also be precluded from "discussing Silberstein's wealth, property, or financial resources." *Id.* Defendant's position is that "[i]f the jury is presented with evidence or repeated references regarding a Defendant's revenues, financial condition, net worth, wealth, or property, it could mislead the jury into believing that SF&P's and/or Silberstein's financial information is a significant factor in determining liability." *Id.* ¶ 2. Defendant's concern is that the jury might make a finding of liability or award of damages based on the impression that "a judgment of liability would have little or no effect on SF&P and/or Silberstein." *Id.*

In response, Seifert and Good Hope contend that this motion is sweepingly overbroad because it seeks, generally, to vaguely preclude references about "revenues," "wealth," "property," or "financial resources." [DE 117 ¶ 1]. Seifert's and Good Hope's position is that because "this entire case is about Defendant's failure to pay commissions – it necessarily involves the concepts Defendant now seeks to preclude." *Id.* ¶ 2. Moreover, Seifert and Good Hope point out that Defendant "has filed a Counterclaim seeking substantial damages as a result of some supposed theft of its supposed trade secrets," thereby putting its financial condition in issue. *Id.* ¶¶ 6-7. As such, "inquiry concerning the impact, if any, on its financial condition as a result of the so-called 'theft' of its so-called trade secrets is clearly relevant." *Id.* ¶ 7.

Defendant did not file a reply.

The Court finds that the issues raised in this motion can only be fairly addressed during the crucible of trial on a proper and timely objection and cannot be ruled upon in advance in a vacuum on a motion in limine. Motions in limine are "best limited to those issues that the mere mention of which would deprive a party of a fair trial. The Court does not issue advisory opinions, and it is difficult to rule in a vacuum without having the opportunity to see the proffered testimony in perspective with other evidence in the trial." *U.S. v. Everglades Coll., Inc.*, No. 12-60185-CIV, 2014 WL 11578214, at *1 (S.D. Fla. May 28, 2014); *Contreras v. Aventura Limousine & Transportation Serv., Inc.*, No. 13-22425-CIV, 2014 WL 11880996, at *2 (S.D. Fla. July 29, 2014) ("It is always difficult to rule in a vacuum, so the Courts ruling is without prejudice to Defendants' objecting when the evidence is sought to be introduced.").

The Court cannot rule at this point that only the transactions identified in the Amended Complaint are relevant, and that nothing about Defendant's wealth, property, or financial resources should come into evidence in this case. Instead, this ruling should be made within the context of the evidence developed at trial upon a timely and proper objection. Given the allegations by both sides in the operative pleadings, this financial information may be relevant at trial, and the Court only has the power to exclude evidence in limine when evidence is clearly inadmissible on all potential grounds. Moreover, the Court is not persuaded that the jury would be misled into finding liability or an award of damages based on an impression that liability would have little or no effect on Defendant when such matters are routinely addressed at trial.

Accordingly, Defendant's Motion in Limine to Preclude Seifert and/or Good Hope from Making Reference to or Introducing Evidence of Certain Financial Matters [DE 107] is **DENIED**.

## 2. Defendant SF&P's Motion in Limine to Preclude Seifert and Good Hope from Making Reference to or Introducing Evidence of Defendant's Written Agreements with Other Independent Contractors [DE 108]

Defendant SF&P states that there was never an executed independent contractor agreement or an executed a formal non-compete agreement between Seifert and Defendant. [DE 108 ¶ 1]. After learning of Seifert's claims, Defendant "decided that it needed to enter such agreements with other independent contractors to avoid (or at least limit) any future disputes of this nature", and these documents were produced in discovery. *Id.* ¶ 2. Defendant now argues that any third-party agreements are not relevant and that "reference to the terms of any other agreement may mislead or confuse the jury into believing that any or all of those terms were also terms negotiated and agreed upon between Seifert and SF&P." *Id.* ¶¶ 3-4. Defendant also argues that these third-party contracts are inadmissible subsequent remedial measures under Federal Rule of Evidence 407. *Id.* ¶ 5.

In response, Seifert and Good Hope assert that, in discovery, the Court already found that third-party agreements with independent contractors were highly relevant to defeating Defendant's theft of trade secrets claim. [DE 115 ¶ 1-2]. In addition, Seifert and Good Hope point out that under Florida law, Defendant will need to prove that in order to be considered a "trade secret," the material "is the subject of efforts that are reasonable under the circumstances to maintain its secrecy." *Id.* ¶ 3. Seifert's and Good Hope's position is that these third-party agreements with independent contractors are relevant to establish that "Defendant did not undertake any efforts whatsoever, let alone reasonable ones, to maintain the secrecy of its supposed confidential documents. In other words, Defendant has no trade secrets." *Id.* ¶ 6.

In reply, Defendant states, *inter alia*, that "it is unnecessary to present an unrelated/irrelevant agreement between SF&P and a third party [independent contractor]

(executed after termination of Seifert and SF&P's business relationship[] to establish the absence of a written agreement between Seifert and SF&P's (just like it is unnecessary for [Seifert's and Good Hope's] counsel to rent a Ferrari and show the engine to establish that undersigned counsel does not own a Ferrari when undersigned counsel will stipulate to the fact that he does not own a Ferrari)." [DE 120 ¶ 4].

The Court does not understand why Defendant's counsel would include the above-mentioned parenthetical, which uses opposing counsel in attempting to make an analogous example in a publicly filed document in federal court. Such a silly and unprofessional comment is not appreciated, and no such comments shall be made in this Court again by counsel.

Now able to move on to the merits of this motion, in light of the parties' pretrial stipulation that they did not execute any formal written agreements [DE 112, pg. 8 ¶ vi], there seems to be little relevancy to evidence of written third-party agreements with independent contractors. Further, these third-party agreements with independent contractors may be violative of Federal Rule of Evidence 403, causing confusion to the jury and wasting time. These agreements may also be excludable under Federal Rule of Evidence 407, as evidence of a subsequent remedial measure. Nonetheless, the Court cannot decide this issue in a vacuum outside the crucible of trial. Depending on how the case develops and is tried by the parties, such evidence may or may not be relevant and admissible. However, to avoid any unnecessary issues and disputes during trial, third-party agreements with independent contractors shall not be mentioned in opening statements, and thereafter Seifert and Good Hope shall first obtain permission of the Court outside the presence of the jury should Seifert and Good Hope wish to introduce any such evidence or cross-examine on this issue. The Court can then rule in light of the developments at trial and witness testimony.

Accordingly, Defendant's Motion in Limine to Preclude Seifert and Good Hope from Making Reference to or Introducing Evidence of Defendant's Written Agreements with Other Independent Contractors [DE 108] is **GRANTED IN PART** and **DENIED IN PART** as stated herein.

> **3. Defendant SF&P's Motion in Limine to Preclude Seifert and Good Hope from Introducing as Evidence at Trial or Otherwise Publishing to the jury Confidential Settlement Communications [DE 109]**

Defendant SF&P states that, during discovery, it produced all settlement communications exchanged between the parties (or their respective counsel) after September 12, 2018. [DE 109 ¶ 1]. Defendant argues that its "rationale for engaging in further settlement discussions after it believed it had resolved all claims between the parties and following continued threats of litigation should have no bearing as to whether SF&P is liable to Seifert on any claims." *Id.* ¶ 4. Moreover, Defendant argues the parties' settlement communications should be excluded because its probative value will be substantially outweighed by the danger of unfair prejudice and confusion and will only serve to mislead the jury. *Id.* ¶ 7.

In response, Seifert and Good Hope contend that "[t]he centerpiece of Defendant's affirmative defenses to the Complaint is a September 2018 payment to Mr. Seifert on the Cranney transaction, which Defendant contends 'settled' all of Mr. Seifert's claims." [DE 116 ¶ 1]. Specifically, Plaintiffs point out that

> Defendant asserts at least four affirmative defenses, ECF No. 62, directed to the supposed legal consequences of this "settlement payment" and "cover letter:" Third Affirmative Defense – Payment (specifically referencing "settlement payment to plaintiff); Fifth Affirmative Defense – Release (specifically referencing "settlement payment" and "cover letter"); Sixth Affirmative Defense – Accord, satisfaction, novation (same); Seventh Affirmative Defense – Estoppel (same).

*Id.*

Moreover, Seifert and Good Hope assert that they do not intend to introduce Defendant's subsequent settlement efforts to prove its liability, and only intend on introducing evidence of Defendant's settlement efforts after receipt of the Cranney check to disprove Defendant's affirmative defenses of Payment, Release, Accord/Satisfaction/Novation, and Estoppel. *Id.* ¶¶ 4-5.

Defendant did not file a reply.

The Court finds that, having raised "settlement payment" in at least four affirmative defenses, Defendant has plainly injected the issue of settlement into this case. Evidence of settlement communications are not admissible to prove liability for, invalidity of, or amount of a disputed claim, or to impeach through a prior inconsistent statement. Fed.R.Evid. 408(a). Settlement communications may be admissible to show bias or prejudice, or to negate a contention of undue delay. Fed.R.Evid. 408(b). Federal Rule of Evidence 408 does not preclude Seifert's and Good Hope's intended use of this information and evidence. Defendant cannot inject settlement into this case, and then prohibit Seifert and Good Hope from fully responding to Defendant's affirmative defenses. Seifert and Good Hope are permitted to present evidence that the Cranney payment did not settle any and all claims in order to negate Defendant's affirmative defenses, and such use is permissible, relevant to the claims, and is not unduly prejudicial. *Pandora Jewelers 1995, Inc. v. Pandora Jewelry*, LLC, 09-61490-CIV, 2011 WL 2295269, at *11 (S.D. Fla. June 8, 2011).

Accordingly, Defendant's Motion in Limine to Preclude Seifert and Good Hope from Introducing as Evidence at Trial or Otherwise Publishing to the jury Confidential Settlement Communications [DE 109] is **DENIED.**

4. **Defendant SF&P's Motion in Limine to Preclude Seifert and Good Hope from Introducing the Existence of any Previously Undisclosed Agreements [DE 110]**

Defendant SF&P asserts that Seifert's claims are premised upon four oral agreements. [DE 110 ¶ 1]. Defendant claims that "while the parties were attempting to prepare a Joint Pre-Trial Stipulation, Jury Instructions, and Verdict forms, undersigned counsel began to notice a trend. Seifert's drafts made repeated mention of 'an agreement' or 'the agreement' in the singular, rather than to those agreements (plural) alleged in the [Amended Complaint] and discussed ad nauseum at the parties' depositions (and throughout this case)." *Id.* ¶ 3. Defendant represents that, upon further discussion, Seifert's and Good Hope's counsel indicated the existence of a new agreement that governed the parties' relationship. *Id.* ¶ 4. Defendant argues that because the deadline to amend pleadings and the discovery cut-off have expired, Seifert and Good Hope must be precluded from introducing any new agreement into evidence. *Id.* ¶ 5.

In response, Seifert and Good Hope contend that "[a]ll of the documents proving the agreements upon which Plaintiffs base their claims have been disclosed and identified on their Exhibit List filed on October 21, 2020." [DE 118 ¶ 2]. Seifert and Good Hope argue that should there be a new agreement, Defendant can raise an objection at trial. *Id.* Moreover, the complaint alleges transactions that flowed from the agreement to pay Seifert on his leads. *Id.* ¶ 3

In reply, Defendant reiterates its position that Defendant will be ambushed at trial, "in the form of a new, previously undisclosed master agreement which now purportedly governs the parties [sic] relationship (particularly where the same only exists in Seifert's imagination)." [DE 121 ¶¶ 2-5].

The Court finds that the issues raised in this motion can only be fairly addressed during the crucible of trial on a proper objection and cannot be ruled upon in advance on a motion in

limine. The Court cannot now rule that only the four oral agreements should be allowed into evidence as the Court only has the power to exclude evidence in limine when evidence is clearly inadmissible on all potential grounds. If Defendant believes there is a discovery violation, Defendant can object at trial and the Court can rule within the context of trial.

Accordingly, Defendant's Motion in Limine to Preclude Seifert and Good Hope from Introducing the Existence of any Previously Undisclosed Agreements [DE 110] is **DENIED.**

**5. Motion in Limine to Preclude Seifert and Good Hope from Introducing Evidence of Post-Termination Commission Payments Owed on any Transactions That Have Not Been Disclosed via the Amended Complaint by Interlineation [DE 111]**

Defendant SF&P's argument here is similar to its previous argument, *supra* 4, and equally meritless. Defendant contends that Seifert's claims are premised upon four oral agreements, and that through the joint stipulation, Seifert is trying to leave the door open, by suggesting that a Feb. 16, 2018 email "entitles him to compensation with respect to transactions other than Best and/or Moore." [DE 111 ¶¶ 1-2]. Defendant argues that because the deadline to amend pleadings and the discovery cut-off have expired, Seifert and Good Hope should be precluded from "altering his pleadings, discovery responses, and testimony in an effort to fabricate further entitlement to compensation emanating from transactions that have not been placed at issue[,]" amounting to trial by ambush and discovery gaming. *Id.* ¶ 3-4.

In response, Seifert and Good Hope contend that "all claims for post-termination commission payments were set forth in the Amended Complaint by Interlineation or otherwise as further described in response to Defendant's discovery requests. Moreover, to the extent agreements are in writing, they were disclosed and listed on Plaintiff's Exhibit list filed on October 21, 2020." [DE 119 ¶ 2]. Further, Seifert and Good Hope argue that the "attempt to

10

limit the scope of a February 16, 2018 e-mail to encompass more than the Best and/or Moore transaction is a blatant misreading and distortion of that e-mail, which did not even mention either of those transactions." *Id.* ¶ 3. In addition, Seifert and Good Hope point out that "Defendant is free to argue the meaning and scope of this e-mail, which is a critical component to Plaintiff's claim. But this issue clearly cannot be decided by means of a motion in limine. *Id.*

Defendant did not file a reply.

For the reasons set forth, *supra* 4, Defendant's Motion in Limine to Preclude Seifert and Good Hope from Introducing Evidence of Post-Termination Commission Payments Owed on any Transactions That Have Not Been Disclosed via the Amended Complaint by Interlineation [DE 111] is **DENIED**.

**DONE and ORDERED** in Chambers this 12th day of July, 2021, at West Palm Beach, Palm Beach County in the Southern District of Florida.

WILLIAM MATTHEWMAN
United States Magistrate Judge